UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HSBC BANK USA, NATIONAL ASSOCIATION,
AS TRUSTEE FOR DEUTSCHE ALT-A
SECURITIES MORTGAGE LOAN TRUST,
SERIES 2007-OA2 MORTGAGE PASS-
THROUGH CERTIFICATES,

                               Plaintiff,

    v.

JOSEPH J. FENELON

"JOHN DOE #1" through "JOHN DOE #12," the
last twelve names being fictitious and unknown to
plaintiff, the persons or parties intended being the
tenants, occupants, persons or corporations, if any,
having or claiming an interest in or lien upon the
premises, described in the complaint,

                             Defendant(s).
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

24-cv-07716 (OEM) (LGD)

**LEE G. DUNST, Magistrate Judge:**

      Plaintiff HSBC Bank USA, N.A. (*as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA2 Mortgage Pass-Through Certificates*) ("HSBC" or "Plaintiff") seeks default judgement and other relief (the "Motion") pursuant to Federal Rule of Civil Procedure 55(b)(2), including a judgement of foreclosure and sale pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301, et seq. *See* Electronic Case File Number ("ECF No.") 28.  The current Motion, filed on July 18, 2025, is Plaintiff's second attempt at default judgment in this case, as it withdrew without prejudice its earlier motion.  *See* ECF No. 27.  On September 15, 2025, Judge Orelia E. Merchant referred the Motion to the undersigned for a Report and Recommendation.  *See* Sept. 15, 2025 Order.  For the following

1

reasons the undersigned respectfully recommends that, excluding Plaintiff's waived request for attorneys' fees and costs, the Motion be granted in its entirety.

I. **BACKGROUND**

**A. Factual Background**

On or about September 30, 2005, Defendant Joseph Fenelon ("Fenelon" or "Defendant") executed a note in favor of Fremont Investment & Loan in the amount of $381,600. *See* ECF No. 28-2, and hereinafter, "Note 1"). Defendant than executed a second note in favor of Indymac Bank, F.S.B, A Federally Chartered Savings Bank ("Indymac Bank") dated January 26, 2007, in the amount $123,059.23. *Id.* (and hereinafter, "Note 2"). On that same date, Defendant consolidated Notes 1 and 2 in favor of Indymac Bank in the total amount of $500,000. *Id*. (and hereinafter, the "Consolidated Note"). The Consolidated Note is secured by a Consolidation, Extension, and Modification Agreement ("CEMA") on Defendant's property at 11 Parsons Drive in Hempstead, New York (the "Property") in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Indymac Bank. *See* ECF No. 28-7. Plaintiff alleges this mortgage on the Property was recorded in the Nassau County Clerk's Office on November 2, 2007. *See* ECF No. 28-2 ¶ 3. However, Plaintiff alleges there was an original mortgage (the "First Mortgage") on the Property already recorded in the Nassau County Clerk's Office, so Defendant executed a gap mortgage (the "Gap Mortgage") to Mortgage Electronic Registration Systems, Inc. as nominee for Indymac Bank. *See* ECF No. 28-7. The CEMA later consolidated both the First Mortgage and the Gap Mortgage (the "Mortgages"). *See id*.

A series of assignments of the Mortgages then ensued over time. *See* ECF No. 28-2 ¶ 4; *see also* ECF No. 1-6 at 2 (a summary of the schedule of assignments); ECF No. 28-8 (copies of the mortgage assignments). Ultimately, the CEMA was assigned to Plaintiff on October 13,

2

2010, and Plaintiff alleges that this was recorded in the Nassau County Clerk's Office on December 14, 2010. *See id.*

The Consolidated Note then was modified twice: first on July 15, 2016, and then again on March 27, 2024. *See* ECF No. 1-7. The most recent loan modification in 2024 brought the principal balance of the Consolidated Note to $682,277.97. *See* ECF No. 28-4 ¶ 8; *see also* ECF No. 1-7.

Plaintiff alleges that Defendant defaulted on the terms of the Consolidated Note and the Mortgages by failing to make timely payments starting on April 1, 2024. *See* ECF No. 1 ¶ 15. As a result, on June 4, 2024, Plaintiff's loan servicer PHH Mortgage Services ("PHH") (*see* ECF No. 28-18) sent Defendant a Notice of Default (ECF No. 28-9), and on June 6, 2024, PHH sent Defendant a 90 Day Notice of Foreclosure (the "90 Day Notice") (ECF No. 28-10). The amount due by Defendant to Plaintiff under the Notes and Mortgages as of December 10, 2024 is alleged to be $723,592.43. *See* ECF No. 28-4 ¶ 18.

### B. Procedural Background

Plaintiff commenced this action on November 5, 2024. *See* ECF No. 1. Defendant failed to respond, and the Clerk of the Court entered a default against him on January 7, 2025. *See* ECF No. 12. On February 27, 2025, Plaintiff filed its first Motion for Default Judgment ((ECF No. 13) ("First Motion")) which then was referred by Judge Merchant to the undersigned for a Report and Recommendation. *See* March 11, 2025 Order. However, for the next few months, this case was stuck in the proverbial mud due to the repeated failures by Plaintiff's counsel – Robertson, Anschutz, Schneid, Crane & Partners, PLLC ("RAS") – to comply with the Federal Rules of Civil Procedure, this District's Local Rules and the undersigned's orders.

The docket in this case spells out the repeated missteps by RAS attorneys in this case in the spring of 2025, as summarized herein:

3

- Submission of a defective memorandum of law in support of the First Motion that failed to discuss the legal standard for entry of a default judgment (March 17, 2025 Order);

- Submission of a defective memorandum of law in support of the First Motion that incorrectly cited to "Defendant's Answer," even though Defendant had filed no such answer in this case (*id.*);

- Submission of a supplemental memorandum of law in support of the First Motion that provided an incorrect certification of compliance under state law and not the Federal Rules of Civil Procedure and the Court's Local Rules (April 1, 2025 Order); and

- Failure to file the mandatory corporate disclosure statement under Federal Rules of Civil Procedure 7.1 (April 28, 2025 Order).

On May 30, 2025, the Court conducted a status conference attended by all RAS attorneys of record in this case and reviewed the aforementioned list of mistakes by Plaintiff's counsel in this case. *See* ECF No. 26 at 16-17 (transcript of status conference). Later in the conference, the undersigned stated, "I've reviewed RAS cases pending before other judges in the Eastern District of New York and I've identified a disturbing pattern that these errors are rampant." *Id.* at 27; *see id.* at 27-28 (discussion of other cases before other judges of RAS failure to file corporate disclosure statements and failure to comply with Local Rules).

The Court ultimately directed Plaintiff to advise by June 27, 2025, whether it was still relying on it previous filings in support of the First Motion or withdrawing the First Motion without prejudice to address any defects therein. *See* ECF No. 22. On June 20, 2025, Plaintiff advised that it was withdrawing the First Motion without prejudice. *See* ECF No. 27. As a result, the Court granted the request to withdraw the First Motion without prejudice and directed Plaintiff to file a new default judgment motion and ensure that this new motion comply with Federal Rules of Civil Procedure, the District's Local Rules, and applicable case law. *See* June 22, 2025 Order. It should be noted that the various filings and court orders regarding the First

4

Motion were served on Defendant who failed to respond or appear. *See, e.g.,* ECF Nos. 13-15, 16-1, 17.

On July 18, 2025, Plaintiff filed the Motion, a memorandum of law, affidavits, and declaration in support of the Motion. *See* ECF No. 28. Plaintiff properly served the Motion (ECF No. 28-22), and other court orders (*see, e.g.,* ECF Nos. 31, 32, 33, 37) on Defendant, but he once again has neither responded nor appeared. On September 15, 2025, Judge Merchant referred the Motion to the undersigned for a Report and Recommendation. *See* Sept. 15, 2025 Order. The Court has since requested additional information from Plaintiff regarding the Motion. *See, e.g.,* Oct. 3, 2025 Order, Oct. 20, 2025 Order, Nov. 25, 2025 Order.

Plaintiff's Motion requests that the Court (1) enter an order of default judgment pursuant to Fed. R. Civ. P 55(b)(2); (2) grant Plaintiff a judgment of foreclosure and sale pursuant to RPAPL § 1354 and § 1355; and (3) appoint a referee to effectuate a sale of the Subject Property and to disburse the funds from such sale pursuant to RPAPL § 1611 and Fed. R. Civ. P. 53.

**II.     LEGAL STANDARD**

  **A.  Default Judgment**

In evaluating a motion for default judgment, the court "must ensure that (1) jurisdictional requirements are satisfied; (2) the plaintiff took all the required procedural steps in moving for default judgment; and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law." *Cooper v. Fire & Ice Trucking, Corp.*, No. 23-CV-1675, 2024 WL 3344001, at *3 (E.D.N.Y. July 9, 2024) (citation omitted).

Rule 55 of the Federal Rules of Civil Procedures sets a two-step process for obtaining a default judgment. *See Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-2551, 2013 WL 6835157, at *3 (E.D.N.Y. Dec. 20, 2013) (adopting report and recommendation). First, "[w]hen

5

a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Second, after default has been entered, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on plaintiff's motion, enter a default judgment against that defendant.  *See* Fed. R. Civ. P. 55(b)(2).

If a default is granted, the well-pleaded factual allegations set forth in the complaint are deemed true.  *See Windward Bora LLC v. Thomas*, No. 20-CV-6046, 2022 WL 5114489, at *3 (E.D.N.Y. Sept. 30, 2022) (citation omitted).  The Court, however, has the responsibility "to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief."  *Id.* (internal citation omitted).  "Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability 'as a matter of law.'"  *Id.*  (quoting *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015)).

### B. Foreclosure

Under the RPAPL, a plaintiff seeking foreclosure must show (1) the existence of the mortgage and mortgage note, (2) ownership of said mortgage, and (3) the defendants' default on the loan secured by the mortgage.  *See Wilmington PT Corp. v. Tiwana*, 19-CV-2035, 2023 WL 4673777, at *7 (E.D.N.Y. June 12, 2023) (citing *Windward Bora LLC v. Baez,* No. 19-CV-5698, 2020 WL 4261130, at *3 (E.D.N.Y. July 24, 2020)). For a plaintiff to establish a prima facie entitlement to judgment they must submit the mortgage, the unpaid note, and evidence of the default; upon that showing, the burden then shifts to defendants to rebut the plaintiff's evidence and can only be overcome by an affirmative showing by the mortgagor.  *Id*. (citing *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 414–15 (E.D.N.Y. 2018) (citation omitted)).

6

C.  **RPAPL**

Plaintiff must abide by the procedures set forth by the RPAPL.  For example, Section 1304 requires at least 90-day notice before the mortgage servicer commences legal action against the borrower.  RPAPL § 1304.  Section 1306 requires each lender, assignee, or mortgage loan servicer to file with that notice with the Superintendent of New York State Department of Financial Services within three business days.  *See* RPAPL § 1306.  As relevant to the Motion, the Court must consider other relevant portions of the RPAPL, including Section 1351, which governs the judgment of sale; Section 1354, which governs the distribution of proceeds of sales; and Section 1611, which governs the appointment of a referee in a final order.  *See* RPAPL §§1351, 1354, 1611.

D.  **Damages**

"A defendant's default does not constitute an admission as to the damages claimed in the complaint."  *A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.*, 521 F. Supp. 3d 170, 176 (E.D.N.Y. 2021), *aff'd*, 35 F.4th 913 (2d Cir. 2022).  The burden is on the plaintiff to establish, by a "reasonable certainty", his entitlement to the relief requested.  *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).  Rule 55 provides that, if "it is necessary to take account or to determine the amount of damages or to establish the truth of any averment by evidence . . . the court may conduct such hearings or order such references as it deems necessary and proper."  *See id*. at 154.  Rule 55(b)(2) does not mandate that a district court hold a hearing, as judges have discretion to determine what is "necessary and proper."  *See McLean v. Wayside Outreach Dev.*, Inc., 624 F. App'x 44, 45 (2d Cir. 2015) (citation omitted).  In *McLean*, the Second Circuit held that the district court did not abuse its discretion when it determined damages based on the aid of a single affidavit only partially based upon real numbers.  *See id.*

7

The burden is on the plaintiff to establish by "reasonable certainty" its entitlement to the relief requested. *See Credit Lyonnais Sec. (USA), Inc*., 183 F.3d at 155; *see also Jimenez v. Green Olive Inc.*, 744 F. Supp. 3d 221, 252 (E.D.N.Y. 2024) (holding that the court must satisfy itself that plaintiff has met the burden of proving damages to a "reasonable certainty."). To determine damages, the court may conduct an inquest (*see* Fed. R. Civ. P. 55(b)(2)(B)) or it may rely on the affidavits and other documentary evidence provided by plaintiff. *See Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015).

### E.  Attorney's Fees and Costs

"A plaintiff in a foreclosure action may recover attorneys' fees and costs against a borrower-defendant if the note or mortgage provides for such an award." *See U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Swezey*, No. 20-CV-91 (FB) (RLM), 2022 WL 1422841, at *10 (E.D.N.Y. Mar. 24, 2022), *report and recommendation adopted*, 2022 WL 2390989 (E.D.N.Y. July 1, 2022).

### III.  DISCUSSION

Here, this Court finds that (1) Plaintiff adequately pled facts to support foreclosure and sale and is entitled to secure foreclosure and sale at this time; (2) Plaintiff adequately provided notice of service of forms under RPAPL § 1304 and § 1306; (3) Plaintiff adequately established the damages at issue; and (4) the Court should appoint a referee to effectuate a sale of the Subject Property and to disburse the funds from such sale.

### A. Plaintiff is Entitled to Default Judgment

#### 1. Jurisdictional Requirements

The Court "may not enter a default judgment unless it has both subject-matter jurisdiction over the action and personal jurisdiction over each defendant." *Cooper*, 2024 WL 3344001, at *3 (citing *Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 732 (2d Cir. 1980)).

##### i. Subject-Matter Jurisdiction

Plaintiff filed this action in federal court pursuant to the requirements of 28 U.S.C. § 1332, alleging that the action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000. *See* ECF No. 1 ¶ 6. "Citizens" upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461(1980) citing *McNutt v. Bland*, 2 How. 9, 15, 11 L.Ed. 159 (1844). In resolving an issue of subject matter jurisdiction, the Court is not limited to the face of the complaint and may consider evidence outside the pleadings. *See Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2002).

Plaintiff brings this case in its capacity as trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA2 Mortgage Pass-Through Certificates. *See* ECF No. 1. A trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others. *See Navarro Sav. Ass'n*, 446 U.S. at 464 (1980) citing *Bullard v. Cisco*, 290 U.S. 179, 189 (1933). Here, the trust was created and is governed by a Pooling and Servicing Agreement ("PSA"). *See* ECF No. 28-5. The PSA establishes that Plaintiff as Trustee does have these customary powers: Section 2.01 of the PSA notes that the depositor "does hereby transfer, assign, set over and otherwise convey to the Trustee […] all the right, title and interest of the Depositor" in the loans. *See id.* at 41. As a result, it is HSBC's citizenship that will be evaluated for diversity purposes. *See*

9

*Navarro Sav. Ass'n*, 446 U.S. at 465-6 (1980); *see U.S. Bank Tr., N.A., as Tr. for LSF9 Master Participation Tr. v. Adhami*, No. 18CV530PKCAKT, 2019 WL 486086, at *6 n.4 (E.D.N.Y. Feb. 6, 2019) (finding that under the relevant trust agreement, plaintiff was assigned the same powers, and thus it was plaintiff's citizenship that was relevant for diversity jurisdiction).

Under 28 U.S.C. § 1348 all national banking associations "shall, for the purposes of ... actions by or against them, be deemed citizens of the States in which they are respectively located." In *Wachovia Bank v. Schmidt*, the Supreme Court "addressed the meaning of 'located'" within § 1348, finding that a national banking association is located for diversity purposes "in the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). In a supplemental filing submitted to this Court, Plaintiff noted that HSBC's Articles of Association list its main office as located in Virginia. *See* ECF No. 38 ¶ 12. This Court thus funds that HSBC is thus a citizen of Virginia for diversity purposes.

Plaintiff alleges first that Defendant is a domiciliary of New York, and then that the amount in controversy exceeds the sum of $75,000.00 because the Defendant owes it $723,592.43 as of December 10, 2024. *See* ECF 28-3. As a result, the criteria for diversity jurisdiction is met, and this Court has subject matter jurisdiction over the dispute.

### ii. Personal Jurisdiction

Personal jurisdiction must comport with both state law and the Due Process Clause of the United States Constitution. *See Relevant Sports, LLC v. U.S. Soccer Fed'n, Inc.*, 61 F.4th 299, 305 (2d Cir. 2023) (analyzing personal jurisdiction under New York law and the Due Process Clause). New York law authorizes personal jurisdiction over individuals whose place of domicile is within the state. N.Y. C.P.L.R. § 301.

Plaintiff does not allege Defendant's domicile, but it does allege that Defendant lives and resides in Nassau County, New York. *See* ECF No. 1 ¶ 3. Nonetheless, the Court finds that it

has personal jurisdiction over Defendant in accordance with state law and the Due Process Clause. *See* N.Y. C.P.L.R. § 301.

### 2. Procedural Requirements

Plaintiff must meet certain procedural requirements in order to succeed on a motion for default judgment. First, Plaintiff must prove that it properly served Defendant pursuant to the Federal Rules of Civil Procedure, and that the Clerk of Court properly entered a certificate of default. Next, Plaintiffs in the Eastern District of New York must adhere to Local Rule 55.2. *See* E.D.N.Y. Loc. Civ. R. 55.2.

#### i. Federal Rule of Civil Procedure 4

Under Rule 4(e)(1) and 4(h)(1)(A), a party may serve an individual and a corporation in accordance with the rules of the "state where the district is located or where service is made." Fed. R. Civ. P. 4(e)(1); *id.* 4(h)(1)(A). N.Y. C.P.L.R. § 308(1) permits personal service. Here, Plaintiff served Defendant via personal service on November 25, 2024. *See* ECF No. 9. Thus, the Court finds that Plaintiff properly served Defendant with the summons and complaint.

#### ii. Entry of Default

The Court next finds that the Clerk of Court properly entered a certificate of default against Defendant. Plaintiff served Defendant on November 25, 2024 (*see* ECF No. 9), and Defendant was required to respond to the Complaint by December 16, 2024. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). When Defendant failed to do so, Plaintiff requested a certificate of default. *See* ECF No. 10. The Clerk of the Court properly entered a certificate of default against Defendant on January 7, 2025. *See* ECF No. 12.

### iii. Local Rule 55.2

The Court next finds that Plaintiff complied with the procedural requirements set forth in the Eastern District of New York Local Civil Rule 55.2 (hereinafter "Local Rule 55.2"). Local Rule 55.2 sets forth the procedural requirements for seeking a default judgment. "Courts within this District generally require strict compliance with the Local Rules." *Amador v. 109-19 Food Corp.*, No. 21-CV-4633, 2025 WL 1032031, at *11 (E.D.N.Y. Mar. 14, 2025), *report and recommendation adopted*, 2025 WL 1031133 (Apr. 7, 2025). "In many cases, failure to comply with Local Civil Rule 55.2 is a basis to deny a motion for default judgment." *Id*. (cleaned up).

#### a. Local Rule 55.2(a)(1)(A)-(C)

First, the movant must file an affidavit or declaration showing (1) that the Clerk of the Court entered default, (2) that the movant has complied with the Servicemembers Civil Relief Act, 50a U.S.C. § 521 ("SCRA"), and (3) that the party against whom judgment is sought is not known to be a minor or incompetent person. *See* E.D.N.Y. Loc. Civ. R. 55.2(a)(1)(A)-(C).

Plaintiff has met these requirements. *See* ECF No. 28-2 ¶¶ 4, 13 (declaration in support of motion affirming that the Clerk of the Court entered default and detailing Plaintiff's compliance with the SCRA); ECF No. 28-16 (Clerk's certificate of default attached to declaration); ECF No. 28-11 (SCRA search report from July 2025).

#### b. Local Rule 55.2(a)(2)-(3)

Next, the movant must file (1) a memorandum of law, (2) a proposed order detailing the proposed judgment to be entered, and (3) a certificate of service stating that all documents in support of the motion, including the Clerk's certificate of default, have been personally served on or mailed to the last known residence (for an individual) or business address (for a company). E.D.N.Y. Loc. Civ. R. 55.2(a)(2)-(3).

12

Plaintiff met each of these requirements. *See* ECF No. 28-3 (memorandum of law); ECF No. 28-1 (proposed order); ECF No. 28-22 (declaration of mailing).

### c. Local Rule 55.2(c)

Finally, the movant must file "a statement of damages, sworn or affirmed to by one or more people with personal knowledge, in support of the request, showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs." E.D.N.Y. Loc. Civ. R. 55.2(c). Here, Plaintiff again met this requirement. *See* ECF No. 28-4 (affirmation of indebtedness).

### 3. Liability

Having assured itself that the jurisdictional and procedural prerequisites to enter a default judgment are met, the Court must now "assess whether Plaintiff's well-pleaded factual allegations establish Defendants' liability as a matter of law." *Cooper v.* 2024 WL 3344001, at *6 (E.D.N.Y. July 9, 2024).

In determining whether to grant a motion for default judgment a court must evaluate (1) whether the default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would endure because of the denial of the default motion. *See Stokes v. MilkChocolateNYC LLC*, 22 Civ. 6786, 2023 WL 4447073, at *4 (S.D.N.Y. July 11, 2023) (internal quotations and citations omitted). Courts have held that a defendant's nonappearance and failure to respond to a complaint demonstrates willfulness. *See Laura Elec. Lighting & Maint. Serv. Inc.*, No. 20-CV-3700, 2021 WL 6294391, at *3 (E.D.N.Y. Dec. 14, 2021), *report and recommendation adopted*, 2022 WL 59655 (E.D.N.Y. Jan. 6, 2022) (finding a willful default when defendants did not file a timely answer). Defendant has been properly served and has not appeared in this action. *See* ECF No. 9. As no one has rebutted Plaintiff's claims and Plaintiff has submitted sufficient evidentiary support, there is no

13

basis for the Court to find that Defendant has a meritorious defense. As a result, the motion for default judgment should be granted.

### B. Plaintiff Established Its Right to Foreclosure

As Judge Nicholas Garaufis of this Court recently observed,

> "Mortgage foreclosure actions proliferate this court. We often treat them as creatures of procedure, devoid of real people removed from real homes. But procedure cuts both ways. And although these actions can march forward to a steady drumbeat, courts must ensure that plaintiffs follow the correct process and the applicable statutes are respected. This case is no exception."

*Freedom Mortg. Corp. v. Bullock*, No. 19-CV-664 (NGG) (RML), 2025 WL 3078314, at *1 (E.D.N.Y. Nov. 4, 2025). Here, Plaintiff withdrew without prejudice its First Motion after the Court cautioned Plaintiff's counsel about its prior missteps in this and other cases. *See, e.g.,* Apr. 28, 2025 Order; May 27, 2025 Order. The Court finds that in its second attempt, Plaintiff has now followed the correct process to establish its right to foreclosure.

Plaintiff produced to this Court the Notes, the Mortgages, the CEMA, the assignments, and the loan modification agreements. *See* ECF Nos. 28-6, 28-7, 28-8. Plaintiff states that Defendant was in default after failure to pay the monthly payment on April 1, 2025, as well as all subsequent payments. *See* ECF No. 1 ¶ 15. Thus, Plaintiff has established through evidentiary support that a debt exists, it was secured by a mortgage, and a default occurred on that debt. *See Thomas*, 2022 WL 5114489, at *3 (E.D.N.Y. Sept. 30, 2022) (granting default judgment and foreclosure for sale where plaintiff established a *prima facie* case of foreclosure); *see also Windward Bora LLC v. Montour*, No. 2:23-CV-03654-EK-LGD, 2023 WL 10408307, at *4 (E.D.N.Y. Oct. 2, 2023), *report and recommendation adopted*, No. 23-CV-3654(EK)(LGD), 2024 WL 1142389 (E.D.N.Y. Mar. 15, 2024) (same).

14

### C. Plaintiff Provided Sufficient Evidence for Establishing Proper Service under RPAPL § 1304 and § 1306

Under RPAPL § 1304(1)-(2), "[p]roper service of [an] RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *See CIT Bank N.A. v. Schiffman*, 999 F.3d 113, 116 (2d Cir. 2021). A lender can establish compliance with Section 1304 in one of two ways: (1) if the "notice or other document was sent through evidence of actual mailing (e.g., an affidavit of mailing or service)"; or (2) "by proof of a sender's routine business practice with respect to the creation, addressing, and mailing of documents of that nature." *See Freedom Mortg. Corp. v. Bullock,* No. 2:19-CV-664-NGG-SJB, 2023 U.S. Dist. LEXIS 137320 at *8, 2023 WL 5266343 (E.D.N.Y. Aug. 4, 2023) (quoting *CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550, 556, 168 N.E.3d 1138, (2021) (citations omitted)).

The Affidavit of Indebtedness sworn to by Claribel Lopez demonstrates the required compliance with RPAPL. *See* ECF No. 28-4. Plaintiff submitted evidence demonstrating adequate service of process of the 90 Day Notice to Defendant and provided proof with a declaration of mailing, in accordance with RPAPL § 1304, as well as Proof of Filing Statement pursuant to RPAPL § 1306. *See* ECF Nos. 28-4; 28-10. Moreover, the 90 Day Notice appears to have complied with RPAPL § 1304 and RPAPL § 1306, as it was served on Defendants more than 90 days prior to the filing of the Complaint and registered with the Superintendent of the New York State Department of Financial Services. *See* ECF Nos. 28-4 ¶¶ 13-16; 28-10. Thus, the undersigned is satisfied the Plaintiff complied with its obligations under RPAPL.

## IV.  DAMAGES AND OTHER REMEDIES

The Court recommends Plaintiff's request for damages and other relief be granted on the (1) Notes and Mortgage and (2) appointment of a referee.

### A. Damages Due on the Notes and Mortgage

Once a party establishes default, "it must still prove damages." *See Thomas*, 2022 WL 5114489, at *3 (E.D.N.Y. Sept. 30, 2022) (citations omitted). In mortgage foreclosure cases, courts consider the documentary evidence presented by plaintiffs and have awarded damages including unpaid principal, accrued interest, recoverable costs, escrow advances, and late charges. *See, e.g., Windward Bora LLC v. Valencia*, No. 19-CV-4147, 2022 WL 872506, at *6 (E.D.N.Y. Mar. 24, 2022) ("Courts can use several tools to assess damages, including affidavits, documentary evidence, and evidentiary hearings.") (internal quotation marks and citations omitted); *CIT Bank, N.A. v. Schiffman*, No. 16-CV-5772, 2022 WL 912520, at *3 (E.D.N.Y. Mar. 29, 2022) (awarding unpaid principal, interest, cost, and late charges).

Here, Ms. Lopez's Affidavit (ECF No. 28-4) attaches through various data compilations, spreadsheets, and reports the Borrower's outstanding principal balance, deferred principal balance, note rate interest, late fees, escrow balance, and unpaid loan costs. *See* ECF No. 28-20 (compilation of data reflecting damages). The undersigned finds the materials submitted and affirmed to sufficient to establish evidence of damages, because there is an adequate basis for the Court to establish within a "reasonable certainty" the total damages requested. *See Windward Bora LLC v. Durkovic as Tr. of McQueen Fam. Tr.*, No. 22-CV-411, 2024 WL 3455841 (E.D.N.Y. July 18, 2024) (finding plaintiff's evidence from various reports and account statements to be sufficient as to prove damages).

### B. Attorney's Fees and Costs

In diversity actions, state law controls the availability and calculation of attorney's fees. *See, e.g., Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 177 (2d Cir. 2005) (applying New York law to evaluate attorney's fees). "Since there is no statute in New York authorizing the recovery of an attorney's fee in a mortgage foreclosure action, such a fee may only be recovered if it is contractually authorized." *Vigo v. 501 Second St. Holding Corp.*, 994 N.Y.S.2d 354, 356 (2d Dep't 2014). Here, Section 10.3 of the PSA indemnifies Plaintiff for costs and attorneys' fees stemming from the Trustee's inability to perform its obligations under the PSA. *See* ECF No. 28-5.

Plaintiff originally requested attorney's fees and costs in the amount of $6,800.00 and $845.00, respectively. *See* ECF Nos. 28-17, 28-19. In support of Plaintiff's requests for costs, Plaintiff submitted invoices for filing fees and services of process (ECF No. 28-17 at 4-5) and confirmation of payment for the complaint filing fee. *See* ECF No. 28-17 at 3. "Court fees reflected on the Court's docket and costs for which a claimant provides extrinsic proof, such as an invoice or receipt, are considered sufficiently substantiated, as is a sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items." *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 105 (E.D.N.Y. 2020). Plaintiff's invoices and receipts (ECF No. 28-17) substantiated the requested relief for costs.

In support of Plaintiff's requests for attorney's fees, Plaintiff submitted only a declaration containing a summary of legal services performed. *See* ECF No. 28-19 ¶ 4. Plaintiff noted that its fee request was based off a "flat fee" (ECF No. 28-19 ¶ 5), but courts in this Circuit generally will not award attorney's fees assessed at a flat rate unless the supporting documentation is sufficiently detailed. *C.f. Mack Finanical Servs. v. Poczatek*, No. CV 10-3799 JS AKT, 2011 WL 4628695, at *10 (E.D.N.Y. Aug. 30, 2011), *report and recommendation adopted in part*, No. 10-

CV-3799 JS ETB, 2011 WL 4628692 (E.D.N.Y. Sept. 30, 2011) (in which the court found that a request for attorney's fees based on a flat rate was sufficient where it included a breakdown of specific tasks performed by each relevant attorney and legal assistant, as well as their respective legal experience).

However, the Second Circuit has held that "acceptance of additional evidentiary submissions in connection with" an attorney's fee request governed by New York law is "a matter within the district court's discretion." *Exec. Risk Indem*., 642 F. App'x at 26 (citing *Williams v. Citigroup, Inc*., 659 F.3d 208, 214 n.3 (2d Cir. 2011) (*per curiam*)). Thus, the undersigned requested from Plaintiff a more detailed submission. *See* Nov. 25, 2025 Order. In response, however, Plaintiff withdrew its request for attorneys' fees and costs, because it is now Plaintiff's opinion that "the amount owed to Plaintiff on the subject loan exceeds the value of the Property" and, as such, "Plaintiff would likely not realize the recovery of its attorneys' fees at an eventual foreclosure sale of the Property." ECF No. 38 ¶¶ 9, 10. As a result, this Court denies any reward of attorneys' fees and costs.

### C. Appointment of a Referee to Sell the Subject Property

Plaintiff requests the Court appoint a referee to effectuate sale of the mortgaged property and to disburse the funds from such sale pursuant to RPAPL § 1611 and Fed. R. Civ. P. 53. Such appointments have been permitted when the plaintiff has established a *prima facie* case by presenting a note, mortgage, and proof of default. *See Windward Bora LLC v. Valente*, No. 18-CV-4302, 2019 WL 3872853, at *4 (E.D.N.Y. July 16, 2019) (collecting cases); *see also Durkovic as Tr. of McQueen Fam. Tr*., 2024 WL 3455841 at *9 (E.D.N.Y. July 18, 2024) ("Plaintiff shall propose a referee for the foreclosure and sale of the Property within fourteen days of this Memorandum and Order.") Since the undersigned recommends granting Plaintiff's requested damages, the undersigned also recommends granting the request to appoint a referee.

18

## V. CONCLUSION

For the foregoing reasons, the undersigned recommends that, excluding the waived request for attorneys' fees and costs, the present Motion be granted in its entirety.

## VI. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See* also Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Merchant. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

**SO ORDERED**:

Dated: Central Islip, New York
December 9, 2025

`/s/ Lee G. Dunst`

**LEE G. DUNST**
United States Magistrate Judge